### B. B. CHEMICAL CO. v. CATARACT CHEMICAL CO., Inc.

#### No. 2218.

District Court, W. D. New York.

May 31, 1940.

For prior opinion, see 31 F.Supp. 374; opinion amended in 35 F.Supp. 586.

John S. Powers, of Buffalo, N. Y. (Fish, Richardson & Neave, Harrison F. Lyman, and Charles E. Hammett, Jr., all of Boston, Mass., of counsel), for plaintiff.

Albert R. Henry, of Buffalo, N. Y. (D. Rumsey Wheeler, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

A rehearing herein was granted on the application of the defendant. This action was taken to present new matter relative to the validity of Claim 2. This Claim was heretofore held to be valid. The application was granted particularly for the purpose of reconsideration of certain phases of Byers Patent No. 1,361,961 and Brick Patent No. 1,389,575.

In holding that Claim 1 was not infringed and that Claim 2 was infringed, I held the view "high viscosity nitrocellulose" referred to in the former was not sufficiently defined, but that "viscosity" of the composition was sufficiently defined by the Claim when read together with the specifications and the specific "example" therein set forth. I see no reason now to change the view heretofore expressed. Nitrocellulose solution of a viscosity of 1100 to 1500 centipoises was known in the prior art. The materials which composed it were known. The composition of these parts to make a "plastic" product such as described in the specifications was not.

The plaintiff upon the rehearing presented an argument for the reversal of the court's decision with reference to the claims held as not infringed and also its decision that there was no contributory infringement.

No reason is found for changing the prior opinion with respect to the claims held not infringed.

After further consideration with respect to the question of contributory infringement, I am of the opinion that, under the decision in Leeds & Catlin Co. v. Victor Talking Mach. Co., 213 U.S. 325, 29 S.Ct. 503, 53 L.Ed. 816, there was contributory infringement of the method claims 19 and 20.