### B. B. CHEMICAL CO. v. CATARACT CHEMICAL CO., Inc.

#### No. 2218.

District Court, W. D. New York.
May 31, 1940.

For prior opinion, see 31 F.Supp. 374; opinion amended in 35 F.Supp. 586.

John S. Powers, of Buffalo, N. Y. (Fish, Richardson & Neave, Harrison F. Lyman, and Charles E. Hammett, Jr., all of Boston, Mass., of counsel), for plaintiff.

Albert R. Henry, of Buffalo, N. Y. (D. Rumsey Wheeler, of Buffalo, N. Y., of counsel), for defendant.

#### No. 2218.

District Court, W. D. New York.
July 1, 1940.

John S. Powers, of Buffalo, N.Y. (Fish, Richardson & Neave, Harrison F. Lyman, and Charles E. Hammett, Jr., all of Boston, Mass., of counsel), for plaintiff.

Albert R. Henry, of Buffalo, N. Y. (D. Rumsey Wheeler, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

In the memorandum decision made by me upon the re-hearing 35 F.Supp. 586, the statement appears "Nitrocellulose of a viscosity of 1100 to 1500 was known in the prior art." It is obvious the intention was to refer to the nitrocellulose solution "as being of the viscosity of 1100 to 1500 centipoise." I am making a change in the original memorandum on the re-hearing on file and making the proper endorsement thereon to show such change.

The defendant objects to Finding No. 13 as proposed by the plaintiff. I believe this finding is supported by the evidence in the case.

Defendant objects to Finding No. 17 as proposed by the plaintiff. I believe this finding is supported by the evidence in the case.

In the aforesaid memorandum I stated that it was my opinion that "There was contributory infringement of the method claims 19 and 20." Defendant objects to proposed Finding No. 30 insofar as it recites that the defendant "has contributorily infringed Claim 20 of said patent."

Defendant asserts that this proposed Finding No. 30 is contrary to the opinion of the court both upon the trial and upon the re-hearing. This was not intended so to be and is not so. The quotation from page 2 of my opinion on the re-hearing obviously refers to claims directly infringed. This is made clear since the succeeding paragraph definitely points out that the court finds contributory infringement as to Claims 19 and 20.

Upon the re-hearing the Stipulation (Exhibit 3) came particularly to my attention in connection with the method claims. This Stipulation, among other things, reads: "That in so far as either party hereto is aware, all customers of the defendant who have used 'Cement No. 12' as herein described are licensees or lessees of the said United Shoe Machinery Corporation, from whom the said patented machines were procured, and which machines are used by the said customers pursuant to agreement granting to said customers a right and license to use said machines in their intended manner, * * *." In view of the indefiniteness as to details or extent of the license that is possessed by the customers of the plaintiff, it was my view that defendant had not clearly established the existence of any license which would excuse contributory infringement by the sale of a patented product for use in practicing a patented method if the patent covering such product and method be valid. In this suit, based on a patent for composition and the method of using it, the defendant in urging as a defense, the alleged existence of a license in favor of its customers to purchase from any source and use the composition covered by the patent in suit, has the burden of proof of establishing the existence of such a license. It is not believed that such burden of proof is sustained by the mere establishment, through a stipulation, merely of a license to use a particular machine in its "intended manner," where the machines are capable of being used with other compositions than the compositions covered by the patent in suit or in practicing methods other than those covered by the patent in suit. "Intended manner" might be considered to be the normal and expected manner or mode of operation of the licensed machines, as disclosed in the patents covering them. Under this interpretation of the expres-

588

sion "intended manner", any license under the patent now in suit would arise only by reason of the purchase from the plaintiff of the patented composition, with the understanding or expectation that it was to be used in the practice of the method also covered by the patent in suit, and not by reason merely of the purchase or lease of the patented machines from the United Shoe Machinery Company. Customers may have been induced to purchase these machines with the understanding that it be used only to practice the method of the patent now in suit. Under these circumstances, a license to use the machine in the practice of that method covered by the patent in suit and to use in the practice of that method the product which is also covered by the patent here in suit might properly be implied as part of the license to use the machine in the intended manner, but such a license, however, would not necessarily include the right to purchase the composition covered by the patent from any source other than the plaintiff for use in practicing the method.

The defendant has filed with the court what is designated as a motion for amplification of the opinion on re-hearing and for the special findings and objections to proposed findings and decree. I do not think it is necessary to make any further amplification. It seems to me that it is sufficient for defendant's purposes to take exceptions to the findings and decree after they shall have been entered.

The findings of fact and conclusions of law herein are herewith filed.